Next case is Stephen Miller v. Department of Veterans Affairs, 06-7309. Ms. Wishaw, when you are ready. May it please the court, I'm Sandra Wishaw, representing Stephen Miller, the veteran in this case. Mr. Miller's claim has been bouncing around for years. This particular claim has been bouncing around since 1993. In 2001, the board finally said, look, this guy's got all sorts of potential problems, we don't know what's going on, he needs a VA exam. So he needs an exam by a neuropsychiatrist to determine does he have a neuropsychiatric disorder, and if so, is it related to service. Now he has been variously diagnosed since the 40s with sometimes seizure disorder, sometimes a form of epilepsy. Ms. Wishaw, you're aware, I'm sure, of our limited standard of review. Yes, sir. And his service connection is a question of fact or application of law to fact that we can't review. Exactly. What is the error of law that we can review? What you can review is whether or not the Veterans Court properly interpreted the requirement of 38 U.S.C. 7104. 7104. 7104. That the board must provide adequate reasons or bases for its determinations. Now there was a 2001 written order. But not to determine whether it was adequate in a particular case, right? That's correct. So what's the legal standard that you want us to adopt that's different from the legal standard for sufficiency that the CABC adopted for 7104? Well, there have been a number of cases here which said that if the CABC did not remand a case where adequate reasons or bases were not provided, that they had misinterpreted the requirement for 7104. Well, but aren't those cases, I mean, you cite the Morris case, for example. Isn't Morris a case in which the legal argument was that 7104 requires that these findings be separately, the reasons be separately set out? And the legal response given by the court was they don't have to be separately set out in a section marked reasons, facts, and so forth. It was in an introductory section, as I recall the case. That's a legal question, I suppose. But where's the legal question of that sort here that's different from whether or not the explanation of reasons given in this case was sufficient? The problem in this case was no explanation was given for why this was harmless error. Well, there was a statement it was harmless error because it didn't affect the outcome, the ultimate outcome of the case. And it may not have been a very elaborate statement, but there was a statement, right? But the question is whether or not that's actually an explanation or a reason or basis given as opposed to simply a conclusion. If you simply say the standard is it's harmless error. The conclusion presupposes that they've adequately performed. Well, the court is supposed to, when you look at the whole veteran system, the idea is that the reasons or basis are supposed to be explicitly stated. Transparency. Let me go back to this question because I think we're passing by one another. The legal question that you're saying we should decide is whether there needs to be an explanation as opposed to simply an assertion. But I don't read the CAVC as having held that all you need is to assert your argument. Your complaint really is that they didn't say enough as opposed to they adopted a standard that allowed this kind of explanation to be deemed legally sufficient. I don't see anywhere that the CAVC has adopted a standard with which you disagree. You just disagree with the application. Well, by doing that, they have adopted that standard because presumably the CAVC is following the standard that it believes is legally appropriate. Now, if they fail to prevent... But wouldn't that, if that's the legal argument, wouldn't that cover every single case in which somebody walked in here and said there wasn't an adequate description? Because they would say that my legal argument is that you have to give, as a matter of law, a more elaborate description than was given. What was given was one page of description. You've got to have at least two. Now, the Court of Appeals for Veterans Claims allowed them to get away with a one-page description of the reasons, and that's therefore legally insufficient. Therefore, I have a legal issue to present to the Court of Appeals. This is going far beyond one page versus two pages. Well, I know, but it's still the same principle. Well, no. They have a paragraph. Well, and in that paragraph, the Board notes that a lay witness is capable of testifying. The Board gives little probative weight to the statements of the veterans' fellow servicemen. Well, that's a different issue. The Board places greater probative weight on the in-service medical records. They're looking at exactly what they have to look at, right? And they're saying we credit this, we don't credit that. That's a different issue, however. That's the credibility given to the lay statements as opposed to the harmless error in not getting a proper medical exam. But they're giving weight to the medical records. Why isn't this all part of their conclusion that it's harmless error? They are giving weight, but if they're balancing weight, okay, we'll move on to the lay statements. If they're saying that the lay statements get no probative weight because they're balanced against the lack of medical records, in order to balance things, you've got to assign a weight in the first place. Okay? They have given no reason why those statements should be given low probative weight. The lay statements had nothing to do with whether you get a fraction. They're saying they put greater weight on the contemporaneous medical records. The lack of contemporaneous. And, in fact, in the Buchanan case, this court said, well, you still have to look at what the lay testimony said, despite the fact that there was negative medical evidence. Negative here meaning that there was no medical records saying the guy didn't fall ill. And we already know from stuff in the record that the SMRs are incomplete. Later on, there's a regional office decision, which is in the record, which says some of the hospital records have already been destroyed. We know that he went to sick bay, but there aren't any service medical records explaining that. So, clearly, you know, you don't have a complete set of service medical records. You're talking about negative evidence. And in this case, furthermore, his fellow servicemen were testifying that he fell out of the hammock. They weren't testifying that he had a fracture or how badly he was injured or anything else. They were simply saying the guy fell out of the hammock or was pushed, tossed out of his hammock. So that's, you know, that's a different situation than the lack of medical records at any rate. And that's, so that's one of the issues. But the other gets back to this whole thing of having a psychological exam rather than a psychiatric exam. And the board has failed to explain why that wouldn't be a harmful error. In this case, the psychologist specifically said he couldn't diagnose a neuropsychiatric disorder. The board had said, we need a diagnosis. He said, well, I can't do that. This court said, well, it's formal, sir, because it wouldn't change the result. Well, why? In order to give reasons or basis, they've got to tell us something about why it wouldn't change the result, not simply make that assertion. Because in that case, the reasons or basis standard comes down to nothing more than it is so because we said so. This is the standard. We said it. Therefore, it's true. Now, the whole of that transcessive system. But once again, isn't that, doesn't that raise a jurisdictional question for us, for us to decide whether the reasons and basis requirement has been satisfied by what the board did with respect to the nature of the examination? Isn't that application of law to fact? No, because you don't have to look at the facts in this case. You only have to look at the board's decision. I mean, to the extent that the board's opinion is a fact, I guess you do. But you have to read the board's opinion and simply look at that and say, did they give an explanation? Now, we're not asking you to determine whether or not there was a Stigall violation. That's, you know, actually, they've already said there was a Stigall violation. They said that they did not comply with the remit. It was error, but harmless. Exactly. So, you know, we're not getting into a diamond situation. We're simply looking at, did they give an explanation? Well, they did. It was examined by a neuropsychologist. The board noted that Mr. Miller had submitted reports of several psychologists and that the board had found those psychologists to be experts, competent to render their medical opinions. Those are explanations. Are they satisfactory or not? I mean, that's fact-related, isn't it? Well, you can look at the original remand in 2001, which said we need a physician's opinion as to whether he has a neuropsychiatric disorder. Look at the remand order. Look at what was procured. And look at what the board says about it. Suppose the Court of Appeals for Veterans Claims had said, we acknowledge that more is required than simply an assertion that something is harmless error. There has to be an explanation. But we think the explanation in this case was adequate. Would we have jurisdiction over that case? Well, that's a tougher one. I think under Miller you would because, again, that would be an interpretation, I think, of what they said was adequate. Then we've got every single 7104 case, haven't we? Not necessarily. As long as somebody was clever enough, as clever as you, to package it as a legal question. Well, for example, in the Cook case, that clearly required this court to make a finding of fact, to look at the consent form that was signed and say, was this determinative? Here you don't have to look at the facts. You simply have to look at the explanation given. We'll save the remainder of your time. Thank you very much. Mr. D'Alessandrius. Thank you, Your Honor. May it please the Court. Mr. Miller's appeal should be dismissed for lack of jurisdiction, or in the alternative, if this court were to find that it possesses jurisdiction, the opinion of the Court of Appeals for Veterans Claims should be affirmed. Basically, Mr. Miller's challenges, as the Court has already noted, are entirely the application of law to the facts of the case. Pursuant to this court's precedent in the Ferguson case, the direct application of the statute does not create an interpretation that creates jurisdiction within this court for review. And more importantly, this court's precedent in Cook is directly applicable. In Cook, this court found that there was no jurisdiction over a claim similar to Mr. Miller's because in order to determine that there was an error, this court would have to evaluate and look at the facts and make factual findings based upon the BVA Board and the Veterans Court decisions. Here, in order to find error in the Veterans Court opinion, this court would need to review the Board decision and make factual findings and determine whether or not the Veterans Court's findings were supported by the Board findings. And that would be the application of law to the facts of this specific case. So this court's precedent in Cook clearly is applicable and holds that this court lacks jurisdiction. Specifically, specific issues raised by Mr. Miller of the Stigall violation, as this court has noted, the court below, the Veterans Court, noted that the difference between the neuropsychiatrist and the neuropsychologist, that this was not a harmful error, and made a factual finding. This court doesn't have the jurisdiction to review the factual findings of the Veterans Court that this was a harmless error. Additionally, the Veterans Court did not engage in fact-finding. The decision of the Board clearly lays out a set of bases. You know, I'm always troubled by the jurisdiction thing because it's a bit of a circular argument, isn't it? On the one hand, you say, well, you can't review facts, but in order to determine if you've got jurisdiction, you've got to look at the facts to find out if there are facts. Is there a problem there? No, Your Honor, certainly not in this case. Not in this case, but I'm talking... There's something circular about the inquiry, the dismissal isn't there. Every legal issue will have to be based on certain facts. Therefore, even if to reach any question of law, you have to consider certain facts. Certain facts, Your Honor. However, in the cases where this court has found jurisdiction, like the Majit or the Morris case cited by Mr. Miller, there were purely legal questions that didn't involve the facts of the case. In Majit, I believe it was the application of a new legal standard, and whether that new legal standard could create a... would result in a change, whether it was error for the Veterans Court not to consider the new legal standard. In Morris, I believe it was a newly enacted statute. Well, but the question under the newly enacted statute and regulation was whether the... if I recall that case correctly, it was whether the statement had to be in one portion of the board's opinion or another. Is that correct? For Morris, yes. And which, of course, requires you to go back and look at where the statement was on the facts of that case. It wasn't... Yes, I mean... It still is application to a lot of fact in a broad sense. I mean, suppose you had a case... I understand your position that this isn't even remotely in this case, but suppose you had a case in which the board says, well, in order for an error to be harmful, the veteran has to show harm beyond a reasonable doubt. And he went up to the Court of Appeals for Veterans Claims, and the Court of Appeals for Veterans Claims simply said, we affirm there was no error with respect to the finding of harmlessness. I mean, would we have jurisdiction in that case? And in your hypothetical, the Veterans Court did not set any standard. No, they didn't. They just said... Then there couldn't possibly be jurisdiction to determine whether the legal standard, which wasn't expressed at all, was appropriate. However, that's clearly not the case here, where Mr. Miller argues the proper standard was the all-day case, and that's the same standard that the Veterans Court applied and found that the statement of the board was adequate to enable the claimant to understand the precise basis for the board's decision and to facilitate review. But he's saying, through counsel, he's saying that there is another legal requirement, which is it has to actually contain more than simply a recitation of the fact of harmlessness. And the reason we know that that's the standard the Court of Appeals for Veterans Claims adopted in this case, they must have, because if you look at the board's opinion, that's all that was there, and therefore we can take the board's opinion, see that the Court of Appeals for Veterans Claims was actually adopting a legal standard that permitted the board to get away with simply asserting harmlessness, because that's what they did in this case. No, Your Honor. In this case, I believe the Veterans Court did make a finding that there was sufficient evidence... Right, but counsel's legal position, as I understand it, is that it may have said those words, but what it was actually doing as a legal matter, and we know this because we can read what the board did, was to say that it's good enough if you just say the word harmlessness without giving an adequate, fulsome explanation of what is the reason for the harmlessness. But that harmlessness determination is still a factual determination. It's not that the board... So we have to reach the facts to find out if it's a legal question, which is the circularity in the whole process, right? No, Your Honor. If the Veterans Court had said that it has to be... and they stated the all-day standard, and then they added on a new legal thing, or I can throw it down the stairs if it makes it past the fifth step, that's good enough, too. Clearly, they would be stating a new legal interpretation of the standard that this court would have jurisdiction to review. But here, they're saying... Everybody in this case agrees that the standard is the standard from all day, and that there has to be a sufficient basis, and the Veterans Court made an explicit factual finding that this was sufficient, that it met that standard. Don't you want to say that this circularity is resolved in the following manner? That yes, we do have to look at facts to see what the case is about for purposes of determining our jurisdiction. But once we do that, if the facts are determinative on the merits, we then lack jurisdiction. Yes, Your Honor. Barring a constitutional claim. Yes, Your Honor. And I don't think I really have anything more for those reasons, and the reasons in our brief. We ask that the case be dismissed. All right, Ms. Ruschow has a little time. At this point, it seems like we're down to jurisdiction, so there's not much point talking anymore about the reasons or basis. I would just like to point out that in the cases which have set an application of law to fact, those have been cases in which this court would have had to determine a specific fact. For example, Cook being a good example, where this court would have had to say, well, did that consent form signed by the veteran actually have any kind of legal effect when the veteran's court said it didn't? Here, you don't have to do that. We're not asking this court to determine whether the example's proper. We've already... That's been established by the court that it wasn't. We're asking you to look at the standard used for harmless error or the standard that the court is allowing the board to use, which is to say it's harmless error because it's harmless error. And because of that, that's not enough. That undermines the entire system, which is supposed to be transparency. The veteran's supposed to be able to say, well, OK, why did I lose this case? Why aren't you guys giving me service connection? That's why we have the reasons or basis requirement. And if the board doesn't give reasons or basis, and if the veterans' court doesn't require them to, then the transparency in the system is gone. Thank you, Ms. Fischel. The case will be taken under advisement. Thank you. The Honorable Court is adjourned until this afternoon at 2 p.m.